# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KURT E. PROCHASKA,

    Plaintiff,

v.                                                     Case No. 10-CV-525

DR. HEIDORN, DR. MCQUEENEY,
JEANANNE G. ZWIERS, C. THORPE,
DR. MOLLI ROLLI, MR. GOZINSKI,
MRS. FRANCOIS, MR. OZANNE, and
WILLIAM POLLARD,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DOC. 26) AND SETTING A STATUS CONFERENCE

Plaintiff, a state inmate, brings this civil rights action asserting that defendants failed to treat his severe physical and psychological health issues in violation of the Eighth Amendment to the United States Constitution, while he was incarcerated at the Green Bay Correctional Institution. Defendants are seeking dismissal of the case and have filed a motion for summary judgment contending that plaintiff failed to exhaust his administrative remedies. For the reasons stated herein, the motion will be granted in part and denied in part.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A.,*

*Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

FACTUAL BACKGROUND

Plaintiff was incarcerated at the Green Bay Correctional Institution (GBCI), a Wisconsin Department of Corrections (DOC) institution, at all times relevant. His medical care claims stem from allegations that defendants failed to treat the spinal cord injury plaintiff suffered after being shot in the back in 2005, and his diagnosed anxiety disorder. Plaintiff submits that he received treatment for these conditions while incarcerated at Fox Lake Correctional Institution and that he was denied treatment for back problems, chronic pain and anxiety after he was transferred to GBCI in 2009.

2

Under the Wisconsin Administrative Code, inmates must exhaust all administrative remedies that the DOC has promulgated by rule before they may commence a civil action or special proceeding against an officer, employee, or agent in that person's official or individual capacity. Wis. Admin. Code § DOC 310.05. The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a).

To use the ICRS, an inmate must file a complaint with the institution complaint examiner (ICE) within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) & 310.09(6). Complaints submitted later than fourteen days following the event may be accepted for good cause. Wis. Admin. Code § DOC 310.09(6). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) & 310.11(11). The appropriate reviewing authority makes a decision within ten days following receipt of the recommendation. Wis. Admin. Code § DOC 310.12. Within ten days after the decision, a dissatisfied complainant may appeal that decision by filing a written request for review with the corrections complaint examiner (CCE). Wis. Admin. Code § DOC 310.13(1). The CCE reviews the appeal and makes a recommendation to the Secretary of the DOC. Wis. Admin. Code § DOC 310.13(6). The Secretary may accept, adopt, or reject the CCE's recommendation, or return the appeal to the CCE for further investigation. Wis. Admin. Code § DOC 310.14(2).

Here, plaintiff filed, or attempted to file, offender complaints under the ICRS related to his claims, as discussed below.

1. April 24, 2009, Attempted Offender Complaint

On April 24, 2009, plaintiff attempted to file an offender complaint alleging that Dr. McQueeney was deliberately indifferent to his mental health needs. ICE Cathy Francois returned the offender complaint and informed plaintiff that before the document could be accepted, he must attempt to resolve the matter with Jeananne Zwiers, the Health Services Manager, and provide the ICE's office with documentation of his effort. Francois directed plaintiff to inform Zwiers he was instructed to contact her and, if she did not address the issue to his satisfaction, he could resubmit his complaint. Plaintiff did not re-file this complaint.

2. May 18, 2009, Attempted Offender Complaint

On May 18, 2009, plaintiff attempted to file an offender complaint regarding denial of access to a physician and medical care, as well as denial of his medical records. Diane Longsine, who works in the ICE office, returned plaintiff's complaint, informing him that it contained more than one issue contrary to Wis. Admin. Code § DOC 310.09(1)(e). She also informed plaintiff that if he chose to re-submit the complaint, he should state a clear, single issue in a timely complaint.

3. Offender Complaint GBCI-2009-11271

On May 19, 2009, plaintiff filed Offender Complaint GBCI-2009-11271 charging that his requests to see a doctor for treatment of his spinal cord damage had been denied. Francois investigated GBCI-2009-11271 and noted that plaintiff "was seen upon admission at GBCI on 02/27/09. He was then seen by RN Komorowski on 04/23/09 for his requested sick call due to multiple issues. A review of the record confirmed the gunshot wound in 2005 but not his claim of a spinal cord injury. The nurse did schedule the inmate to see

the doctor. He was again informed on 05/01/09 via a written health service request that he is scheduled to see the doctor." (Gozinske Aff. ¶ 11, Ex. 104 at 3.) In discussing, plaintiff Francois wrote, "[h]e is currently scheduled to be seen later this week by the doctor." *Id.*

On May 19, 2009, Francois recommended that the complaint be dismissed, "as the inmate is scheduled to see the doctor, which is the relief he was seeking." *Id.* On the same day, the Reviewing Authority, Cynthia Thorpe, accepted the ICE's recommendation and dismissed GBCI-2009-11271. Plaintiff did not appeal this decision to the CCE's office.

4. Offender Complaint GBCI-2009-11272

On May 19, 2009, plaintiff filed Offender Complaint GBCI-2009-11272 alleging that Zwiers had not responded to his health service requests and that she acted with "deliberate indifference to my serious medical condition of spinal damage/chronic pain caused by a bullet shattering my T-12 vertebrae." (Gozinske Aff. ¶ 14, Ex. 105 at 1.) Plaintiff added that Zwiers had failed to return the fourteen medical records he sent with the health service request.

Francois investigated GBCI-2009-11272 and recommended dismissal after concluding that the issue had been addressed. She explained:

> Mrs. Zwiers was contacted and said that she did receive a lot of paperwork from him and was just now reviewing it. Due to the amount of paperwork the inmate sent she had not had the opportunity to review or sort out what his concerns were. She did not respond via writing for this reason. She said that his materials will be returned to him. As this issue has been addressed it is recommended that the complaint be dismissed.

(Gozinske Aff. ¶ 15, Ex. 105 at 3.)

On May 19, 2009, Thorpe, the Reviewing Authority, accepted the ICE's recommendations and dismissed GBCI-2009-11272 noting that there should be a review of the time it takes to address inmate concerns. Plaintiff failed to file a Request for Review of Rejected Complaint to thereby appeal this decision to the CCE.

5. Offender Complaint GBCI-2009-11688

On May 26, 2009, plaintiff filed Offender Complaint GBCI-2009-11688 alleging that Zwiers and the physician staff refused to acknowledge his spinal cord injury. Francois investigated GBCI-2009-11688 and wrote that the issue had been addressed in GBCI-2009-11271. On May 26, 2009, she rejected the complaint pursuant to Wisconsin Administrative Code § DOC 310.11(5)(g), as having been addressed earlier.[1] (Gozinske Aff. ¶ 19, Ex. 106 at 3.) Plaintiff did not appeal this decision to the Reviewing Authority by submitting a form DOC 2182 Request for Review of Rejected Complaint, as the ICE Rejection form instructed.[2]

6. Offender Complaint GBCI-2009-11942

On May 28, 2009, plaintiff filed Offender Complaint GBCI-2009-11942 contending that Dr. McQueeney and Zwiers refused to acknowledge and treat his anxiety disorder. Francois investigated GBCI-2009-11942 and on May 28, 2009, rejected it pursuant to Wis.

---

[1] Under Wisconsin Administrative Code § DOC 310.11(5)(g), the ICE may reject a complaint because, "[t]he issue has already been addressed through the inmate's prior use of the ICRS."

[2] According to plaintiff, he appealed the decision by filing an appeal letter with Warden Pollard, who was identified in the rejection letter as the appropriate Reviewing Authority. (Prochaska Decl. ¶ 5, Ex. B; Compl., Exs. 11-12.) However, plaintiff's letter cannot be an appeal of the rejection of GBCI-2009-11688 because plaintiff dated it May 22, 2009, four days before GBCI-2009-11688 was filed. Moreover, the letter is not written on a DOC 2182 form in accordance with applicable Wisconsin law. (Gozinske Aff. ¶ 18, Ex. 105; Wis. Admin. Code § DOC 310.09(1)(a).)

6

Admin. Code § DOC 310.11(5)(c) for failure to allege sufficient facts upon which redress could be made. (Gozinske Aff. ¶ 22, Ex. 107 at 3.)

Plaintiff did not appeal this decision to the Reviewing Authority by submitting a form DOC 2182 Request for Review of Rejected Complaint, as the ICE Rejection form instructed.[3] (Gozinske Aff. ¶ 22, Ex. 107 at 4; Compl., Ex. 13 at 2.) However, according to plaintiff, on June 2, 2009, he appealed the rejection by filing an appeal letter with Warden Pollard, who was identified in the rejection letter as the appropriate Reviewing Authority. (Prochaska Decl. ¶ 6, Ex. C; Compl., Exs. 13-14.)

7.   Offender Complaint GBCI-2009-16465

On July 24, 2009, plaintiff filed Offender Complaint GBCI-2009-16465 contending that Zwiers, Warden Pollard, and Francois informed him a month earlier that his medical records from the University of Wisconsin Hospital (UW Hospital) had been ordered, but that he was informed the previous day that his records "have not and will not be ordered." (Gozinske Aff. ¶ 24, Ex. 108 at 1.) Plaintiff further stated, "Complaint: deliberate indifference to serious medical need. Denied: needed medical records." *Id.* Francois investigated GBCI-2009-16465 and found that Dr. Heidorn ordered neurology and EEG records, that the UW Hospital responded that they did not have such records, and that the HSU staff cannot produce what UW Hospital claims it does not have. Afterward, Francois recommended that the complaint be dismissed based on her findings. Thorpe, the

---

[3] The ICE Rejection forms submitted by the parties are different in that they direct plaintiff to appeal to different people. The form submitted by plaintiff states: "If you wish to appeal, complete form DOC 2182 Request for Review of Rejected Complaint and send to: WARDEN, GREEN BAY CORRECTIONAL INSTITUTION, . . . ." (Compl., Ex. 13 at 2.) Defendants' form states, "If you wish to appeal, complete form DOC 2182 Request for Review of Rejected Complaint and send to: INSTITUTION COMPLAINT EXAMINER, GREEN BAY CORRECTIONAL INSTITUTION, . . . ." (Gozinske Aff. ¶ 22, Ex. 107 at 4.) This discrepancy, while troubling because the form should simply be copies of the same rejection form, is not material.

7

Reviewing Authority, accepted ICE Francois' recommendations and dismissed GBCI-2009-16465 on July 29, 2009.

Plaintiff appealed the decision to the CCE's office stating:

> On about 4-1-09 I saw Dr. Heidorn here at GBCI. At that time I asked him for help with my chronic pain caused by spinal cord damage. I showed Dr. Heidorn copies of my medical record from UW Madison that explain how I was shot in the back by a .380 hand gun. The bullet struck and shattered my T-12 vertebrae damaging my spinal cord. They also show there are bullet and bone fragments in my spine. These things cause me constant chronic pain.
>
> Dr. Heidorn told me he can not properly treat me because my HSU file does not contain any of the medical records I had just showed him. He told me he can not accept medical records from me. They have to be obtained by the DOC from the UW Hospital. I was sent back to my cell.
>
> I wrote the nurse who told me she can not order my records without orders. I wrote Mrs. Zwier, HSU Manager GBCI, who wrote back saying there is nothing wrong with me. I filed an ICE which was rejected. I appealed this to the Warden who dismissed my complaint stating Mrs. Zwier informed him that she has ordered my records.
>
> On 7-24-09 I was told by HSU records that my medical records have not and will not be ordered.
>
> I filed another ICE #16465 which was dismissed. The reason stated was that UW Madison says they do not have neurology or EEG records on me.
>
> I now appeal to you. On 11-1-05 I was taken to the UW Hospital intensive care unit after I was shot in the back. Dr. Heidorn here at GBCI says he can not treat my serious medical condition without the medical records from my stay at the UW Hospital. Mrs. Zwiers, HSU Manager, GBCI will not order these records because UW Madison does not call them neurology or EEG records. Whatever these records are called Dr. Heidorn here at GBCI will not treat my serious medical condition without these records.
>
> Will you please make it so these medical records are ordered. My rights under the ADA are clearly being violated.

(Gozinske Aff. ¶ 27, Ex. 108 at 5-6.) Plaintiff signed and mailed the appeal on August 3, 2009, and it was received in the CCE's office on August 10, 2009.

On September 2, 2009, CCE Gozinske recommended that the appeal be dismissed as untimely. He stated, "DOC 310.13(1), Wis. Adm Code, requires appeals to be received and accepted at the CCE's office within ten calendar days after the reviewing authority's decision. Noting the complaint was decided on 7/29/2009, the appeal was not received until 8/10, and further noting the complainant offers no good cause for the late submission, it is recommended this appeal be dismissed as untimely." (Gozinske Aff. ¶ 28, Ex. 108 at 11.) Gozinske did not communicate with plaintiff to determine whether there was "good cause." Instead, he applied his "rule of thumb" that unless the envelope enclosing the appeal was postmarked "more than five days" before the deadline, there was no good cause. (O'Neill Decl. ¶ 2, Ex. A: Gozinske Dep. at 42-43.) Based on the findings and recommendation of the CCE, Deputy Secretary Ozanne dismissed Offender Complaint GBCI-2009-16465 on October 21, 2009.

8. February 22, 2010, Attempted Offender Complaints

On February 22, 2010, plaintiff attempted to file two offender complaints alleging Dr. Heidorn refused to treat his back problems until he was evaluated by psychological services and that he was not being sent to the UW Hospital for treatment. Longsine sent the complaints back informing plaintiff that before they could be accepted, he needed to attempt to resolve the matter with Zwiers and to provide the ICE's office with documentation of this attempt. Longsine further informed plaintiff that if he had attempted to resolve this matter, to re-submit his complaint with the documentation. Longsine's responding letter states in part:

9

> Your complaint materials received on February 22, 2010 are being returned because:
>
>> - Before this complaint is accepted, you need to attempt to resolve the issue by contacting Mrs. Zwiers - HSU Manager [DOC 310.09(4)].
>>
>> - The ICE is also directing you to provide this office with written documentation of your attempts to resolve the issue as directed. Written documentation means responses to interview requests and other written responses from the staff contacted.
>>
>> - If you have attempted to resolve the issue through the person(s) indicated above and have not been able to do so after a reasonable amount of time, you may resubmit your complaint for processing by this office within 14 days of the date of incident.

(Gozinske Aff. ¶ 32, Ex. 109 at 3.)

9.  Offender Complaint GBCI-2010-5084

On March 8, 2010, plaintiff filed Offender Complaint GBCI-2010-5084 alleging he was denied access to the ICRS because he did as Longsine directed and that Zwiers failed to respond to his complaint. Plaintiff wrote:

> Complaint: On about 2-22-10 I sent you 2 ICE's about Dr. Heidorn in HSU here at GBCI. You returned the complaints with a letter to me and Mrs. Zwiers the HSU Manager. The letter from you explained how I was to send my complaints to Mrs. Zwiers and try to work out the problem. Mrs. Zwiers did not do as you requested and respond to the complaints in the time period.
>
> Denied: Access to the ICE's system with Mrs. Zwiers' failure to respond as you the ICE examiner requested (in the allowed amount of time).

(Gozinske Aff. ¶ 32, Ex. 110 at 1.)

Francois investigated Offender Complaint GBCI-2010-5084 and concluded that Zwiers' failure to respond to plaintiff did not preclude him from re-filing the complaints. She reasoned that plaintiff could simply indicate in any such offender complaint that he

10

attempted to resolve the issue with Zwiers but received no response. (Gozinske Aff. ¶ 33, Ex. 110 at 3.) Francois added that Longsine's letter to plaintiff stated clearly that he could re-file, but should do so within the allotted time frame (fourteen days) set forth in the ICRS. Next, she found that plaintiff was not denied access to the ICRS for filing complaints and that Longsine's letter clearly outlined the steps he had to follow.[4] *Id.*

On March 8, 2010, Francois recommended that the complaint be dismissed based on her findings. The Reviewing Authority, Warden Pollard, accepted Francois' recommendations as ICE and dismissed GBCI-2010-5084 the same day it was received.

Plaintiff appealed the decision to the CCE's office, which received it on March 12, 2010. He stated:

> On 2-22-10 I sent in an ICE because Dr. Heidorn has not sent me to the Madison neurosurgeon or pain clinic as he has said he would over the past year. Most recently in December of '09 he told me I would be going in January of 2010. When I didn't go in January of 2010 I wrote HSU and was told I'd go in February of 2010. When I didn't go in February of 2010 I wrote the ICE about not going to the neurosurgeon or pain clinic.
>
> My ICE at that time was denied and Ms. Longsine returned the dismissed complaints with a letter I should send to Mrs. Zwiers along with my complaints so she had a chance to address and resolve the issue. The letter also said there was a 14 day time limit.
>
> On 3-7-10 I wrote another ICE stating the 14 days were up and Mrs. Zwiers never resolved or responded to my issue.
>
> On 3-9-10 this ICE was dismissed by Cathy Francois saying I didn't follow the steps.
>
> I followed the steps. Mrs. Zwiers has not. I just need to know when I will go to the neurosurgeon in Madison as Dr. Heidorn told me I would for my chronic pain and if not why.

---

[4]Plaintiff denies that the "return letter clearly outlined what steps he needed to follow to do so."

(Gozinske Aff. ¶ 35, Ex. 110 at 5-6.) The CCE, Welcome Rose, found that the ICE's decision reasonably and appropriately addressed the issue raised by plaintiff and that his appeal presented no information warranting a recommendation that it be overturned. On April 29, 2010, Rose recommended that GBCI-2010-5084 be dismissed. Deputy Secretary Ozanne followed this recommendation and dismissed Offender Complaint GBCI-2010-5084 on June 11, 2010.

ANALYSIS

The Prison Litigation Reform Act of 1995 (PLRA), Pub.L. 104-134, 110 Stat. 1321 (1996), provides in pertinent part that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Exhaustion is an affirmative

defense, and the burden of proof is on the defendants. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

1.  Offender Complaints GBCI-2009-11271 and GBCI-2009-11272

Defendants contend that plaintiff failed to exhaust administrative remedies as to offender complaints GBCI-2009-11271 and GBCI-2009-11272 because he did not file appeals to the CCE. It is undisputed that plaintiff failed to appeal to the CCE in GBCI-2009-11271 and GBCI-2009-11272. However, inmates are only required to appeal an "adverse decision," Wis. Admin. Code § DOC 310.07(4), or a decision with which they are "dissatisfied," Wis. Admin. Code § DOC 310.13(1).

Plaintiff's grievance in GBCI-2009-11271 was that his requests to see a doctor for treatment of his spinal cord injury had been denied and the offender complaint was dismissed because "inmate is scheduled to see the doctor, which is the relief he is seeking." (Gozinske Aff. ¶ 11, Ex. 104 at 3.) There is nothing to appeal from here. Moreover, that GBCI-2009-11688 was rejected on the ground that the issue had already been addressed through the use of the ICRS system in GBCI-2009-11271 provides additional evidence that the latter offender complaint was exhausted.

In GBCI-2009-11272, plaintiff complained of Francois's failure to return his medical forms. This complaint was dismissed with the finding that the issue had been addressed in consideration of Francois's explanation that she was reviewing plaintiff's voluminous paperwork, trying to sort plaintiff's concerns, and planning to return his materials.

Despite his failure to file an appeal to the CCE respecting GBCI-2009-11271 and GBCI-2009-11272, plaintiff exhausted these offender complaints inasmuch as the

13

decisions reflect that he was granted the relief he sought. *See Dixon v. Page*, 291 F.3d 485, 490 (7th Cir. 2002).

2.     GBCI-2009-11942 and GBCI-2009-11688

Defendants contend that plaintiff failed to exhaust offender complaints GBCI-2009-11942 and GBCI-2009-11688 because he did not appeal their rejection to the reviewing authority. Plaintiff disagrees and maintains that he exhausted by filing appeal letters with the Warden.

As an initial matter, as explained *supra.* at 6, plaintiff's letter written in GBCI-2009-11688 could not have served as an appeal because it was written before the offender complaint was filed and was not submitted as required by Wis. Admin. Code § DOC 310.09.(1)(a). Hence, plaintiff has not exhausted GBCI-2009-11688.

Turning to GBCI-2009-11942, which ICE Francois rejected for failure to state a claim, it is undisputed that plaintiff did not file an appeal on DOC Form 2182 as instructed. Instead, he wrote a letter to Warden Pollard. Plaintiff contends that his letter serves as his appeal because the relevant administrative rules do not specify that his appeal must be submitted on a specific form.

It is not clear that plaintiff intended his letter to serve as an appeal. However, even if he did, under the ICRS, complaints and appeals must be submitted on "forms supplied for that purpose." Wis. Admin. Code §§ DOC 310.09(1), 310.13(1). DOC 2182, the Request for Review of Rejected Complaint, is the appropriate form for appealing the dismissal of a rejected complaint. (Gozinske Aff. ¶ 22, Ex. 107 at 4; Compl. Ex. 13 at 2.) This requirement was plainly stated on the forms rejecting GBCI-2009-11942. *Id.* Finally, there is no indication that DOC 2182 forms were unavailable to plaintiff. That being so, the

court must conclude that plaintiff did not exhaust GBCI-2009-11942. *See Woodford*, 548 U.S. at 88, 93; *Pozo*, 286 F.3d at 1025.

3. GBCI-2009-16465

Defendants contend that GBCI-2009-16465 does not exhaust the claims at issue because it does not address the medical care provided for plaintiff's alleged anxiety disorder or spinal pain. On the other hand, plaintiff submits that he exhausted all administrative remedies with respect to GBCI-2009-16465. According to plaintiff, he was led to believe he would receive adequate treatment after GBCI officials received copies of his UW Hospital medical records concerning injuries to his spinal cord.

A purpose of the exhaustion requirement is to allow prison officials time and the opportunity to respond to complaints internally before an inmate initiates litigation. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *see Smith v. Zachary*, 255 F.3d 446, 450-51 (7th Cir. 2001). To provide officials with sufficient notice, inmates must file grievances at the place and time and with the information required by the prison's administrative rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). Where rules are silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650; *see Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). Absent more stringent administrative requirements, an inmate need not state "facts, articulate legal theories, or demand particular relief," so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong*, 297 F.3d at 650; *see Riccardo*, 375 F.3d at 524. With respect to the level of detail in an offender complaint, the DOC administrative rules require that inmate complaints "[c]ontain only one issue per complaint, and ... clearly identify the issue."

Wis. Admin. Code § DOC 310.09(1)(e). Thus, the standard is whether inmate complaint places an official on notice of a particular claim.

Here, plaintiff's offender complaint states "deliberate indifference to a serious medical need" and that he requires certain medical records. The missing link is that what he needs the medical records for is not explicitly stated in the offender complaint. According to defendants, GBCI-2009-16465 only alerted prison officials that plaintiff required medical records, and it did not alert them that he was not receiving treatment for spinal pain or an anxiety disorder, or that staff were indifferent to these conditions.[5]

The court rejects this argument. Prior to filing GBCI-2009-16465, Dr. Heidorn told plaintiff he could not treat him without the UW Hospital medical records and that he could only accept records directly from the hospital. Plaintiff requested a nurse to order the records, wrote to Zwiers, and then filed an offender complaint, which was rejected. He appealed the rejection to the Warden who informed plaintiff that Zwiers had ordered the medical records. Subsequently, on July 24, 2009, the HSU informed plaintiff that his medical records "have not and will not be ordered." (Gozinske Aff. ¶ 27, Ex. 108 at 5-6.) On the same day, plaintiff filed GBCI-2009-16465.

In sum, prison officials told plaintiff he needed the medical records to get treatment and his communication with officials prior to filing the offender complaint demonstrates that they were on notice of the issue. *See Riccardo*, 375 F.3d at 524 (finding that prisoner's

---

[5] Plaintiff's appeal to the CCE was dismissed as untimely pursuant to Wis. Admin. Code § 310.13(1) because the CCE Office did not receive the appeal within ten days of dismissal. However, Wis. Admin. Code § 310.13(1) provides in relevant part: "A complainant dissatisfied with a reviewing authority decision may, within 10 calendar days after the date of the decision, appeal that decision by filing a written request or review[.]" Plaintiff signed and mailed his appeal on the fifth day and therefore it appears he complied with § DOC 310.13(1). In any event, defendants have not argued that plaintiff's appeal was untimely. (Defs.' Reply at 11 n.3.)

grievance - which stated that "[t]he administration don't [sic] do there [sic] job. [A sexual assault] should've never [sic] happen again - although "at the border of intelligibility," sufficient to put defendants on notice of prisoner's claim that defendants failed to protect plaintiff from sexual assault).

4. February 22, 2010, Attempted Offender Complaints and GBCI-2009-5084

Defendants contend that plaintiff failed to follow the institution rules with regard to the offender complaints he attempted to file on February 22, 2010, and therefore failed to exhaust these complaints. They further contend that since the subject of GBCI-2010-5084 was access to the ICRS, and not plaintiff's medical care, this complaint does not exhaust the claims made in this lawsuit.

It is undisputed that plaintiff attempted to file two offender complaints on February 22, 2010, alleging that Dr. Heidorn refused to treat his back problems until he was evaluated by psychological services and that he was not being sent to the UW Hospital for treatment. The offender complaints were returned unfiled, along with the following instructions:

> - Before this complaint is accepted, you need to attempt to resolve the issue by contacting Mrs. Zwiers - HSU Manager [DOC 310.09(4)].
>
> - The ICE is also directing you to provide this office with written documentation of your attempts to resolve the issue as directed. Written documentation means responses to interview requests and other written responses from the staff contacted.
>
> - If you have attempted to resolve the issue through the person(s) indicated above and have not been able to do so after a reasonable amount of time, you may resubmit your complaint for processing by this office within 14 days of the date of incident.

17

(Gozinske Aff. ¶ 32, Ex. 109 at 3.) Plaintiff did not refile the offender complaints, by submitting the same filing or by restating the issues on new forms. Rather, he filed GBCI-2010-5084, charging that he was denied access to the ICRS because Zwiers failed to respond to his requests. Plaintiff fully exhausted GBCI-2010-5084.

Plaintiff contends that he "effectively resubmitted the February 22, 2010, complaints by filing GBCI-2010-5084, which complained that Zwiers would not respond to Prochaska as instructed by the ICE." (Pl.'s Br. at 7.) He asserts that GBCI-2010-5084 "had everything to do with the lack of medical care Prochaska was receiving, and also with his additional level of frustration when the prison medical staff refused to even participate in an internal effort to resolve his complaints." (Pl's Resp. at 23.) However, plaintiff did not follow the instructions to refile the February 22, 2010, offender complaints. Plaintiff was told how to proceed and his failure to follow the instructions means that the issues raised in the February 22, 2010, offender complaints are not exhausted. *See Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005) (when prisoner fails to follow explicit instructions to rectify error in complaint, he does not exhaust). Finally, the issue raised in GBCI-2009-5084, access to the ICRS, does not exhaust either of plaintiff's Eighth Amendment claims.

In sum, plaintiff has exhausted GBCI-2009-11271, GBCI-2009-11272, and GBCI-2009-16465. He did not exhaust GBCI-2009-11942 and GBCI-2009-11688, and GBCI-2009-5084, while exhausted, does not exhaust any claim raised in this case. Therefore,

IT IS ORDERED that defendants' motion for summary judgment for failure to exhaust administrative remedies (Docket 26) is GRANTED IN PART AND DENIED IN PART as described herein.

IT IS FURTHER ORDERED that the parties appear for a status conference on April 5, 2012, at 2:00 p.m. in Courtroom 222.

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge